# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| RANDY BUNTING, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | |
| | ) | Case No. 2:23-cv-850 |
| RK MCKNIGHT ROAD, LLC; and | ) | |
| BP PLC, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT RK MCKNIGHT ROAD, LLC's
## BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(7)

Defendant, RK McKnight Road, LLC ("RK") by and through its attorneys, Babst, Calland, Clements and Zomnir, P.C., hereby submits the following Brief in Support of its Motion to Dismiss for Failure to Join Indispensable Parties.

## INTRODUCTION

Plaintiff commenced this action in the Court of Common Pleas of Allegheny County, Pennsylvania on May 19, 2023.  (ECF No. 1-2.)  He brought this negligence lawsuit after suffering injuries he sustained while pumping gas at a gas station located on property allegedly owned by defendant RK McKnight Road, LLC ("RK") and purportedly supplied with gas by BP PLC ("BP") (the "Property").  (*See id.* ¶¶ 10–16.)  But the Property in question was operated by 7-Eleven, Inc. ("7-Eleven") and/or its assignee, Miramar Brands Pennsylvania, Inc. ("Miramar"), and under the terms of 7-Eleven's agreement with RK and their agreement with each other, they have *sole* responsibility for operating and maintaining the Property.  (Affidavit of Zamir Korn, Exhibits B, C.)

Yet Plaintiff did not sue 7-Eleven or Miramar.  Instead, he waited until mere weeks before the statute of limitations for his claims ran, and then he commenced this lawsuit against RK and BP.  By his own actions, Plaintiff has failed to join necessary parties.  What's more, Plaintiff cannot now join those necessary parties, as Pennsylvania's two-year statute of limitations for negligence actions has run.  Because significant prejudice to RK would result if this case were to proceed in the absence of the indispensable parties, but any prejudice to Plaintiff resulting from a dismissal would be both minimal and of his own making, dismissal with prejudice is warranted.

## BACKGROUND

Plaintiff sustained injuries when an accident on McKnight Road between two vehicles left him injured while he was filling his tank at a gas station located at 4775 McKnight Road, Ross Township, Allegheny County, Pennsylvania, 15237.  (ECF No. 1-2, ¶¶ 14–15.)  Plaintiff thereafter settled with the divers of the automobiles or their insurance representatives (Affidavit of Zamir Korn ¶ 4) and then proceeded to file this lawsuit, on April 24, 2023.  The Plaintiff seeks relief from RK and BP due to their alleged negligence in owning and/or operating the Property at which Plaintiff sustained his injuries.  (ECF No. 1-2, Counts I and II.)

BP removed this action from the Court of Common Pleas of Allegheny County to this Court on May 19, 2023.  (ECF No. 1.)  But the Property in question was operated by a lessee (7-Eleven) and, later, its assignee (Miramar), respectively.[1]  Under the terms of the underlying agreements, both of *those* parties assumed full responsibility for the ownership, operation, and maintenance of the Property.  (Affidavit of Zamir Korn, Exhibits B, C.)

---

[1] RK does not know why Plaintiff failed to name 7-Eleven or Miramar.  The signage on the property bears 7-Eleven's logo, and as such, Plaintiff should have been on notice of at least one potential additional party.  (Affidavit of Zamir Korn, Exhibit A.)

As the operators of the Property at the time of the incident of which Plaintiff complains, both 7-Eleven and Miramar are necessary parties under Federal Rule of Civil Procedure 12(b)(7). This case must be dismissed, however, because those parties cannot be joined.

Plaintiff allegedly sustained his injuries on May 7, 2021.  (ECF 1-2, ¶ 7.)  The statute of limitations for negligence in Pennsylvania is two years from the date of the negligence.  42 Pa. C.S. § 5524(2).  Plaintiff commenced this lawsuit on April 24, 2023, and he did not name either 7-Eleven or Miramar.   The two-year statute of limitations for naming those parties ran on May 7, 2023, and, as such, Plaintiff has failed to name necessary parties for whom joinder is not possible. Because these necessary parties are indispensable, RK seeks relief under Federal Rule of Civil Procedure 12(b)(7) in the form of dismissal of this action.

## ARGUMENT

In considering a motion to dismiss for failure to join indispensable parties, the Court must accept as true all well-pled factual allegations and draw all reasonable inferences therefore in favor of the non-moving party.  *Celec v. Edinboro Univ.*, 132 F. Supp. 3d 651, 672–673 (W.D. Pa. 2015).  That said, a court assessing a Rule 19 issue may consider evidence outside the pleadings.  *Id.* (quoting *Scottsdale Ins. Co. v. RSE Inc.*, 303 F.R.D. 234, 236 (E.D. Pa. 2014)).

The moving party bears the burden of showing that a non-party is both necessary and indispensable.  Thus, "'Rule 19 mandates a two-step process,' whereby: '(1) the court first must determine whether the absent party is "necessary" under Rule 19(a); and (2) if the party is "necessary" and joinder is not feasible, then the court must decide whether the party is "indispensable" under Rule 19(b).'"  *Id.* (quoting *Tullett Prebon  PLC v. BGC Partners, Inc.*, 427 F. App'x. 236, 239 (3d Cir. 2011)).

### A.  Joinder of Two Other Parties is Necessary, but Not Feasible.

Here, the two parties responsible for operating and maintaining the Property are 7-Eleven
and Miramar.  Under the terms of the lease—a triple net lease—between RK and 7-Eleven, for
example, 7-Eleven assumed **all** of RK's "right, title and interest in the [Property]" including the
lot or parcel; all buildings, structures, and other improvements; all fixtures; and all equipment,
with certain limited exclusions.  (Affidavit of Zamir Korn, Exhibit B, ¶ 1.)  7-Eleven further
agreed that it was taking the Property "as-is," and without any warranties.  (*Id.* ¶ 3(b).)  Most
critically, 7-Eleven agreed that it was **solely responsible** for all maintenance and repair of the
Property (*id.* ¶ 11); all required restoration of the Property (*id.* ¶ 15); **all liabilities arising out of
or in connection with the [P]roperty or "the ownership, use, non-use, occupancy, <u>condition,
design, construction, maintenance, repair, or rebuilding</u> of the [Property] … and <u>any
injury</u> to or death of any person …<u>connected therewith</u> or occurring thereon**.…" (*id.* ¶ 10
(underlining added)); all claims, demands, causes or action, suits, or judgments, "**by any third
parties resulting from violations or alleged violations by tenant or any subtenant of any
provision of this Lease, [or] any legal requirement,**…" (*id.* ¶ 10); and "**<u>all obligations with
respect to the Leased Premises</u>**.…" (*id.* ¶ 31(n) (emphases added)).

That 7-Eleven later assigned to Miramar its lease to the Property does not alter the
analysis.  7-Eleven remained responsible for its obligations under the lease in the event of an
assignment.  (*Id.* ¶¶ 10, 17(a), (c).)  Furthermore, under the assignment to Miramar, Miramar,
too, assumed the responsibilities of the lease (*e.g.*, Miramar "assumes and agrees to pay and
perform all of the terms, covenants, conditions and obligations of Assignor under the lease.…").
(Affidavit of Zamir Korn, Exhibit C, Recital 3.)  Because both 7-Eleven and Miramar assumed

**all** responsibility flowing from the ownership, operation, and maintenance of the Property, they are necessary parties to the lawsuit under Federal Rule of Civil Procedure 19.

Notwithstanding that 7-Eleven and Miramar are necessary parties, they cannot be joined to the lawsuit.  This Court, as a court sitting in diversity, must apply the statute of limitations of Pennsylvania applicable to the action.  *E.g.*, *Cowgill v. Raymark Indus., Inc.*, 780 F.2d 324, 328 (3d Cir. 1985).  Pennsylvania maintains a two-year statute of limitations for negligence actions. 42 Pa. C.S. § 5524(2).  Plaintiff allegedly sustained his injuries on May 7, 2021, and he commenced this lawsuit on April 24, 2023.  But he did not name either 7-Eleven or Miramar, and he now is barred from doing so, as the statute of limitations ran on May 7, 2023.

Nor can Plaintiff rely on any sort of "discovery rule" to excuse his failure to name 7-Eleven or Miramar.  Under Pennsylvania law, a court *can* toll a statute of limitations, if, for instance, a "person may know that he has been injured but not be sufficiently apprised by the mere fact of injury to understand its cause." *Brunea v. Gustin*, 775 F. Supp. 844, 846 (W.D. Pa. 1991) (citing *McGowan v. University of Scranton,* 759 F.2d 287 (3d Cir. 1985)).  But the party seeking to invoke the discovery rule is under "'a heavy burden of inquiry.'"  *Id.* (quoting *Lowe v. Johns–Manville Corp.,* 604 F. Supp. 1123, 1127 (E.D. Pa. 1985)).

Pennsylvania law emphasizes that "'the standard of reasonable diligence is an objective or external one that is the same for all individuals. It is not a subjective standard. "  *Id.* (quoting *Rendenz by Rendenz v. Rosenberg,* 520 A.2d 883 (Pa. Super. 1987)).  "The fact that this individual plaintiff may have lacked knowledge of his or her injury is 'irrelevant,' [sic] 'the statute is tolled only if a reasonable person in the plaintiff's position would have been unaware of the salient facts.'" *Id.* at 846–847 (quoting *Rendenz*, 520 A.2d at 886).  "'[P]laintiffs need not know that they have a cause of action, or that the injury was caused by another party's wrongful

conduct, for once a plaintiff possesses the salient facts concerning the occurrence of his injury and *who* or *what* caused it, he has the ability to investigate and pursue his claim.'" *Id.* (quoting *Vernau v. Vic's Market, Inc.,* 896 F.2d 43, 46 (3d Cir. 1990)).

Here, a reasonable person operating in Plaintiff's position would have known, at a minimum, of 7-Eleven's involvement.  Publicly available pictures of the Property show that 7-Eleven's signage is displayed prominently along with BP's (Affidavit of Zamir Korn, Exhibit A); such signage existed at the time of Plaintiff's accident  (Affidavit of Zamir Korn ¶ 3).  Moreover, a Google search of the Property's address returns results for "7-Eleven" as the second result (second only to the image of the Property itself).  (Affidavit of Zamir Korn, Exhibit D.)  As such, Plaintiff was or should have been on notice that 7-Eleven potentially was a responsible party in any lawsuit Plaintiff intended to file.  And, had Plaintiff investigated 7-Eleven's involvement, then it is reasonable to assume that he would have discovered Miramar's involvement as well (which, in any event, matters little, because even if the statute could be tolled as to Miramar, that does not save the case from dismissal due to 7-Eleven's absence).  That Plaintiff failed to recognize 7-Eleven's involvement necessarily means that Plaintiff cannot take advantage of any discovery rule to toll the statute of limitations.  Because 7-Eleven and Miramar are necessary parties for whom joinder is not feasible, this Court must then turn to the inquiry of whether they are indispensable to the litigation.

### B. Dismissal is Warranted Because the Absent Parties are Indispensable.

Under Rule 19(b), when joinder of a necessary party is not feasible, the "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  "The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that

person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." *Id.* Each of those factors favors dismissal when applied to the facts of this case.

As to the first factor, a judgment rendered in the absence of the lessee and assignee will work a substantial hardship on RK (and, for that matter, Plaintiff). Under the terms of its agreement with 7-Eleven, RK assigned all responsibility for operating and maintaining the Property to 7-Eleven. (Affidavit of Zamir Korn, Exhibit B.) In turn, 7-Eleven assigned its responsibility to Miramar, although it readily acknowledges its continued responsibility under the lease for its obligations, even with the addition of an assignee. (Affidavit of Zamir Korn, Exhibit C.) Even assuming Plaintiff had a viable claim against RK on the merits, it is unclear how Plaintiff could recover from RK when RK will demonstrate that parties other than itself were responsible for operating and maintain the Property.

Nor can the prejudice to RK be lessened or avoided by alternative means; the statute of limitations has run as to the lessee and assignee, and there is no way to bring them into the lawsuit. Admittedly, RK has an indemnification agreement with 7-Eleven and Miramar, but that provision is of little relevance to this analysis about minimizing the prejudice caused by the missing parties' absence. Cost-shifting alone does not obviate the problem that as to *liability*, necessary parties— that is, those who assumed responsibility for the ownership, operation, and maintenance of the Property—cannot be part of this lawsuit.

Third, a judgment rendered in the absence of the lessee and assignee will be wholly inadequate, if not impossible. Under the terms of those agreements, *they* bear sole responsibility

for the ownership, operation, and maintenance of the Property, not RK.  To the extent Plaintiff is able to prove any fault, it necessarily will not be the fault of RK, but of the lessee or assignee.

Finally, the Plaintiff will not be harmed by the dismissal of this lawsuit, at least, not due to the fault of the defendants or indispensable parties.  Significantly, Plaintiff already has settled with the drivers of the auto accident, and as such, already sought and secured an adequate remedy. (Affidavit of Zamir Korn ¶ 4.)  To the extent his requested damages here *do not* represent a double recovery, his right to relief is against the lessee and assignee.  Yet it was *Plaintiff* who neglected to name the lessee and assignee within the applicable statutory limitations period.  Thus, to the extent there is any hardship to Plaintiff resulting from the dismissal of this suit, it is due to Plaintiff's failure to comply with the statutory limitations period.

In short, each of these factors weighs in favor of RK's requested relief—dismissal of the case with prejudice due to failure to name an indispensable party.  In the alternative, should the Court determine that additional facts are required before it rules on the merits of this Motion, RK requests the Court conduct a limited evidentiary hearing in support of the same.

Respectfully submitted,

BABST, CALLAND CLEMENTS
AND ZOMNIR, P.C.

By:   */s/ Christina Manfredi McKinley*
Christina Manfredi McKinley (PA 320002)
Two Gateway Center
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5400
cmckinley@babstcalland.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** was served upon the following via the Court's Electronic Filing System:

Ian Watt, Esquire
Friday & Cox, LLC
1405 McFarland Road
Pittsburgh, PA 15216
iwatt@fridaylaw.com
*Counsel for Plaintiff*

John L. Kazmierczak, Esquire
Maron Marvel Bradley Anderson & Tardy LLC
The Landmarks Building
100 West Station Square Drive
Suite 250
Pittsburgh, PA 15219
jkazmierczak@maronmarvel.com
*Counsel for Defendant BP PLC*

*/s/ Christina Manfredi McKinley*
Christina Manfredi McKinley
