IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY BUNTING, *Plaintiff,* v. RK MCKNIGHT ROAD, LLC *and* BP PLC, *Defendants.* | Civil Action No. 2:23-cv-850 Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Defendant RK McKnight Road, LLC ("RK McKnight") moves to dismiss Plaintiff Randy Bunting's ("Bunting") negligence action pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"), arguing that Bunting failed to join indispensable parties. (ECF No. 13). Defendant BP PLC ("BP") joined in RK McKnight's motion. (ECF No. 18). For the following reasons, the motion to dismiss is denied.

A. FACTUAL AND PROCEDURAL BACKGROUND

Bunting's complaint alleges that on May 7, 2021 he was pumping gas at the BP gas station located on McKnight Road in Ross Township, Pennsylvania. (ECF No. 1-2, pp. 5-6). He pleads that "defendants RK and BP owned, designed, constructed, maintained, controlled, managed, and/or operated the BP gas station and were responsible for the care, custody, operation, maintenance, supervision, construction, inspection, design, and/or repair of said premises, including its parking lot, gas pumps, travel lanes, curbs, sidewalks, storefronts, and other appurtenances." (*Id.* at 5). According to the complaint, an automobile accident occurred at the intersection where the gas station is located that caused a car to leave the road, come onto the

1

property of the gas station, where Bunting was struck, pinning him between the car and the gas pump and causing multiple injuries. (*Id.* at 5-6).

Bunting filed a complaint in the Court of Common Pleas of Allegheny County asserting a single count of negligence against each defendant. (*Id.* at 7-9). He raises a number of assertions (*inter alia*) that defendants were negligent in the design and operation of the gas station without adequate safeguards to protect business invitees, like him, from the risk posed by vehicles that might enter the property from the road. Defendants removed the action to this Court and RK McKnight filed a Motion to Dismiss Under FRCP 12(b)(7) (joined by BP) claiming that Bunting's action should be dismissed because it did not join as defendants other entities that are necessary pursuant to Federal Rule of Civil Procedure 19 ("Rule 19"). RK McKnight alleges, and has attached in support the Affidavit of Zamir Korn, the trustee of its sole member, that it owns the property where the gas station is located but leased that property to 7-Eleven. (ECF No. 15). Moreover, it states that 7-Eleven assigned its interests to Miramar Brands Pennsylvania, Inc. ("Miramar"). RK McKnight explains that under its lease with 7-Eleven, 7-Eleven agreed that it was solely responsible for all maintenance and repair of the property, all liabilities arising out of or in connection with the property, and any claims demands, actions suits or judgments arising out of or relating to the property. (ECF No. 14, p. 4; ECF No. 15-2). RK McKnight contends that because 7-Eleven assumed all responsibility for the property pursuant to the lease (which was then assigned to Miramar), 7-Eleven and Miramar are necessary and indispensable parties and Bunting was required to join them. RK McKnight further argues that the statute of limitations precludes Bunting from joining 7-Eleven and Miramar now. Thus, RK McKnight argues that dismissal of the case is warranted under Rule 19.

B. ANALYSIS

1. **Standard of Review**

Under Rule 12(b)(7), a court may dismiss an action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 "sets out the circumstances under which it is necessary to join an absent party and, if joinder of that party is not feasible, the factors for determining whether the absent party is indispensable to the action." *US Tech Sols., Inc. v. eTeam, Inc.*, Civil Action No. 17-1107-SDW-LDW, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017). "[I]n pursuing a Rule 12(b)(7) motion to dismiss, the moving party bears the burden of showing that the absent party is both necessary and indispensable under Rule 19." *Id.* (citing *Disabled in Action v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011)). "In considering a motion under Rule 12(b)(7), the court must accept the factual allegations in the complaint as true and view those allegations in the light most favorable to the non-moving party." *Id.* However, "when making a determination pursuant to Federal Rule of Civil Procedure 19, a court may consider evidence outside of the pleadings." *M&B IP Analysts, LLC v. Cortica-US, Inc.*, Civil Action No. 19-0429, 2020 WL 3411027, at *2 (D.N.J. June 22, 2020) (citing *Mediterranean Shipping Co. (USA) Inc. v. Shandex Corp.*, Civil Action No. 16-2595-CCC-JBC, 2017 WL 1129593, at *2 (D.N.J. Mar. 23, 2017)); *see also Hotaling & Co., LLC v. LY Berditchev Corp.*, Civil Action No. 20-cv-16366, 2021 WL 3783260, at *2 (D.N.J. Aug. 26, 2021).

2. **7-Eleven and Miramar are not necessary parties**

In order to determine if a party is subject to compulsory joinder, the Court must engage in a two-step analysis, which is set forth in Rule 19. *Incubadora Mexicana, SA de CV v. Zoetis, Inc.*, 310 F.R.D. 166, 170 (E.D. Pa. 2015) (citing *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007)). First, the Court must determine whether the party is required,

under the rule, to be joined in the action, if feasible. Any necessary party who is subject to service of process and whose joinder would not deprive the court of subject matter jurisdiction, must be joined in this action. *See* Fed. R. Civ. P. 19(a)(2). Under Rule 19(a)(1), a party is deemed "necessary" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). This section of Rule 19 should be read in the disjunctive. *Gen. Refractories*, 500 F.3d at 312 (citing *Koppers Co. v. Aetna Cas. & Sur. Co.*, 158 F.3d 170, 175 (3d Cir. 1998)). The ability of the Court to afford complete relief to existing parties and the interests of the absent parties in the litigation involve distinct analyses; satisfaction of either clause (A) or (B) necessitates joinder of the absent party, if feasible. *Id.* If the Court determines that an absent party is not necessary under Rule 19(a), however, the Court need go no further. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993); *Bank of Am. Nat. Trust & Sav. Ass'n v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1054 (3d Cir. 1988); *Coregis Ins. Co. v. Wheeler*, 180 F.R.D. 280, 283 (E.D. Pa. 1998).

The critical question under Rule 19(a) is "whether complete relief may be accorded to those persons named as parties in the absence of any unjoined parties." *General Refractories Co.*, 500 F.3d at 313. "What effect a decision may have on absent parties is immaterial." *Id.* (citing *Angst Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is

4

determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.")).

Should the Court determine that a party is necessary under Rule 19(a) and that joinder of this party is not feasible, the Court must then move on to the second step of the analysis and determine whether such a party is indispensable to the action. In such circumstances, the action should be dismissed because "in equity and good conscience" it cannot proceed between just the existing parties. *See* Fed. R. Civ. P. 19(b). Rule 19(b) contains four factors for the Court to consider when weighting the equities to determine whether an action should proceed with an absent required party:

 (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

 (2) the extent to which any prejudice could be lessened or avoided by:
(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;

 (3) whether a judgment rendered in the person's absence would be adequate; and

 (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

*Id.* Ultimately, "[w]hether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118, (1968).

 a) Rule 19(a)(1)(A)

Notwithstanding the lease between RK McKnight and 7-Eleven, a decision may afford complete relief between the named parties – Bunting, RK McKnight, and BP. The absence of 7-Eleven and Miramar does not serve as a bar to the Court's complete adjudication of the claims

between the named parties. Indeed, the situation presented in this case is not uncommon in personal injury actions. RK McKnight's lease with 7-Eleven (and subsequent assignment to Miramar) may be used as a defense by RK McKnight. It may also serve as a basis for RK McKnight to join 7-Eleven and/or Miramar as additional defendants or, if necessary, to assert a separate indemnity claim against them. The lease does not, however, preclude complete relief to be afforded as to the parties in the case – Bunting, RK McKnight, and BP. It is well-established that joint tortfeasors are not necessary parties under Rule 19. *See Huber v. Taylor*, 532 F.3d 237, 249-50 (3d Cir. 2008); *Janey Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 409 (3d Cir. 1993); *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) (per curiam) (holding that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit). Further, the possibility that a named party may have a right to indemnity from a non-party does not make the non-party a necessary party under Rule 19. *See Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 640-42 (3d Cir. 1998). Bunting has alleged that the named defendants, RK McKnight and BP, were negligent in a variety of ways with respect to the design, maintenance, and operation of the property. RK McKnight and BP argue that the lease agreement transferred their duties to non-parties. That is between defendants and the non-parties. It does not impact Bunting's claims against the named defendants.

The learned treatise *Federal Civil Rules Handbook* by Professors Steven Baicker-McKee and William Janssen addresses an analogous situation:

> The general rule for civil actions in federal courts is that the plaintiff may choose whom to sue and whom not to sue. Thus, for example, if a plaintiff believes he was injured by a lawnmower containing a defectively manufactured blade, the plaintiff may sue the lawnmower manufacturer, the blade manufacturer, or both, depending on practical or strategic considerations. If the plaintiff chooses only to sue the lawnmower manufacturer, neither defendant is unfairly disadvantaged; the blade manufacturer is happy to be left off the caption, and the lawnmower manufacturer has the option to implead the blade manufacturer as a third-party

6

defendant (under Rule 14) or to defend itself, then bring a contribution claim in a separate action against the blade manufacture if the plaintiff succeeds.

Baicker-McKee and Janssen, *Federal Civil Rules Handbook*, at p. 624 (Thomson Reuters 2023). Here, the possibility that RK McKnight could incur liability relating to the property, and its right to pursue indemnity for that liability against 7-Eleven, was specifically contemplated by the lease:

> 10.  Indemnification
>
> (a) EXCEPT AS MAY BE CAUSED BY THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF LANDLORDS, LENDER, THEIR EMPLOYEES, AGENTS OR CONTRACTORS, TENANT AGREES TO INDEMNIFY, DEFEND, PROTECT, SAVE AND HOLD HARMLESS LANDLORDS AND LENDER FROM AND AGAINST ANY AND ALL LIABILITIES, LOSSES, DAMAGES, PENALTIES, COSTS, EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES AND EXPENSES), CAUSES OF ACTION, SUITS, CLAIMS, DEMANDS OR JUDGMENTS OF ANY NATURE WHATSOEVER, HOWSOEVER CAUSED, ARISING OR ALLEGED TO ARISE FROM THE LEASED PREMISES OR THE OWNERSHIP, USE, NON-USE, OCCUPANCY, CONDITION, DESIGN, CONSTRUCTION, MAINTENANCE, REPAIR OR REBUILDING OF THE LEASED PREMISES, ANY BREACH OF THIS LEASE OR LANDLORDS' ENFORCEMENT OF THE PROVISIONS OF THIS LEASE <u>AND ANY INJURY TO OR DEATH OF ANY PERSON OR PERSONS OR ANY LOSS OF OR DAMAGE TO ANY PROPERTY, REAL OR PERSONAL, IN ANY MANNER ARISING THEREFROM</u>[.]

(ECF No. 15-2, p. 20) (in relevant part) (underline added).

The situation presented by this case is common in personal injury actions and is specifically contemplated by the very lease that forms the basis of RK McKnight's position. The Court holds that this case does not present a situation where the absence of 7-Eleven and Miramar precludes complete relief between the named parties. It does not implicate Rule 19(a)(1)(A).

*b) Rule 19(a)(1)(B)*

7-Eleven and Miramar are not necessary parties under Rule 19(a)(1)(B). As a threshold matter, there is no indication that either 7-Eleven or Miramar "claims an interest with respect to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Nor, if they did, are the circumstances such that their absence would "impede [their] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). As it stands, Bunting has asserted no claims against 7-Eleven or Miramar. Thus, 7-Eleven or Miramar have no interest to protect with respect to the claims asserted. Finally, there is no risk that RK McKnight and BP would be "subject to a substantial risk of incurring double, multiple, or inconsistent obligations because of the interest" of the non-parties 7-Eleven and Miramar. Fed. R. Civ. P. 19(a)(1)(B)(ii). As explained above, to the extent that RK McKnight believes that the lease should leave it with no liability, it may seek indemnification under its express terms.

The Court holds that 7-Eleven and Miramar are not necessary parties under Rule 19(a). As such, the Court's analysis "need go no further." *Janney Montgomery Scott,* 11 F.3d at 402. There is no need to examine the factors set forth in Rule 19(b).

### C. Conclusion

For the reasons set forth above, RK McKnight's motion to dismiss, joined by BP, will be denied. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

8-21-23
_____
Date